IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN D. QUEEN, | No. CIV S-070862-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DARREL ADAMS, et al., | |
| Respondents. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 8).  Petitioner, having been served a copy of the motion on June 18, 2007, has not filed an opposition.

       Petitioner alleges in his petition that he received ineffective assistance of trial counsel, the trial judge erred by failing to recuse himself from the trial, incorrect use of his prior convictions, and a due process violation for mishandling verdict forms.   Respondent brings this motion to dismiss on the grounds that two of petitioner's claims (claims one and four) are unexhausted and the remaining two claims (claims two and three) fail to state a federal claim.

///

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

### Exhaustion

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine

requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).

In this case, petitioner has not presented all of his claims to California Supreme Court, either on direct appeal or on habeas review.  His petition for review to the California Supreme Court on direct appeal exhausted his claims regarding the trial judge's refusal to recuse himself and the use of his prior convictions, but he did not raise an ineffective assistance of counsel claim or a denial of due process claim.  In addition, his habeas petition filed in this case specifically states that other than a direct appeal, he has not filed any other petitions for relief.  Therefore, claims one and four are not exhausted and respondents' motion to dismiss these claims should be granted.

### Failure to State Federal Claim

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court.  Estelle v. McGuire, 502 U.S. 62 (1991). In Estelle v. McGuire, the Supreme Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67 (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment)).

/ / /

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

In this case, petitioner claims that it was error for the trial judge not to recuse himself and his previous convictions were used erroneously.  Petitioner does not specify what federally protected right was violated by these actions.  In support of his claim that the trial judge should have recused himself, he states "Judge Murray was a witness to case (C-046852) committed in his own courtroom prior to sentencing on case (C-045498)." (Petition at 5.)  In support of his claim that his previous convictions were used improperly, he states "My 1996 conviction was a plea bargain with 2 felonies in 1 conviction." (Petition at 6.)  Petitioner has not provided any facts which would show that the errors were so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment.  Therefore, respondents' motion to dismiss these claims should be granted.

Failure to Oppose Motion

Petitioner failed to file an opposition to respondents' motion to dismiss.  Pursuant to Local Rule 78-230 (m), failure "to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."  Therefore, the motion to dismiss should be granted on the grounds that petitioner waived any opposition to the granting of the motion.

/ / /

/ / /

CONCLUSION

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss be granted and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE